IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY WILLIAMS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 2:04-CV-3364-RDP** |
| | ) |
| **JERRELL WILLIAMS, WARDEN;** | ) |
| **ATTORNEY GENERAL FOR THE STATE** | ) |
| **OF ALABAMA,** | ) |
| | ) |
| **Respondents.** | ) |

**MEMORANDUM OF OPINION**

On December 12, 2005, petitioner Jerry Williams filed objections to the Magistrate Judge's Findings and Recommendation. The motions to amend (Docs. #13 and #15) were denied based on the fact that the claims raised in the motions would not relate back to the filing of the amended petition and would also be procedurally barred from federal review due to petitioner's failure to raise them in state court. Williams argues that the denial of the motions to amend filed on June 22, 2005 and September 19, 2005 would allow a manifest injustice to go uncorrected. Specifically, he alleges that "Petitioner [found] out in January of 2005 about the wording of the verdict and the two (2) verdicts in each case." (Doc. #18, p. 2).

> Federal courts retain the authority to issue the writ of habeas corpus in a [] narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice. *Murray v. Carrier, supra,* 477 U.S., at 485, 106 S.Ct., at 2643.

McCleskey v. Zant 499 U.S. 467, 494 (1991).

Williams has not alleged that he is actually innocent of the charges for which he was convicted. In order to establish a claim of actual innocence, petitioner must show "that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, [ ] a claim [of actual innocence] requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory, scientific evidence, trustworthy eye witness accounts or critical physical evidence–that was not presented at trial." *Id*. At 324. Williams has failed to identify any new reliable evidence to support a claim of innocence and has failed to satisfy the *Schlup* standard.

Moreover, at trial there was testimony of numerous acts of a sexual nature. The jury verdicts signed by the jury foreman which alleged specific conduct with respect to the charges for which Williams was tried were the result of the election at trial of the specific acts to be submitted to the jury. The case action summary jury verdicts omitted mention of the specific conduct and recited that the jury found Williams guilty of each of the charges in the indictment. The court adjudged Williams guilty only once for rape in the first degree and only once for sexual abuse in the first degree. (Respondents' Exhibit A, pp. 4-5). In addition, he received only one sentence for each conviction. (Respondents' Exhibit A, pp. 7-10).

In light of the foregoing, the court concludes that the objections are due to be overruled. A separate Final Judgment consistent with the Memorandum of Opinion will be entered simultaneously herewith.

**DONE** and **ORDERED** this _____21st_____ day of December, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE